UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ZAVALA, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GENERAL MOTORS LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:25-cv-08517-FLA (SSCx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [DKT. 16]** |

1

<u>**RULING**</u>

Before the court is Plaintiffs Jose Zavala and Jose Antonio Zavala's ("Plaintiffs") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court.  Dkt. 16 ("Mot.").  On October 29, 2025, the court found this matter appropriate for resolution without oral argument and vacated the October 31, 2025 hearing on the Motion.  Dkt. 23; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court DENIES Plaintiffs' Motion.

<u>**BACKGROUND**</u>

Plaintiffs filed their Complaint in this action on July 31, 2025, in the Los Angeles County Superior Court, Case No. 25STCV22569, alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2), and a breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to their purchase of a 2023 GMC Sierra (the "Vehicle") from Defendant.  Dkt. 1-1 ("Compl.")[1] ¶¶ 6–33.  Plaintiffs served the Complaint on Defendant on August 7, 2025.  Dkt. 16-1 ¶ 5, at 5–6.

Defendant answered Plaintiffs' Complaint and removed the action to this court on September 8, 2025.  Dkt. 1-2 at 2–6; Dkt. 1 at 2.  In its Notice of Removal ("NOR"), Defendant stated it had "conducted a preliminary investigation and determined that Plaintiffs' citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly give rise to subject matter jurisdiction."  Dkt. 1 at 2.

Plaintiffs filed the subject Motion on October 3, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-day window to remove an action to federal court, and that the amount in controversy requirement was not met.  Mot. at 9–15.  Defendant filed an opposition

---

[1] Citations to the Complaint refer to pages 3 through 10 of Dkt. 1-1.  The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

("Opposition") on October 10, 2025.  Dkt. 17 ("Opp'n").  Plaintiff filed a reply ("Reply") in support of the Motion on October 17, 2025.  Dkt. 19 ("Reply").

## DISCUSSION

### I.      Legal Standard

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons.  Section 1446 is strictly construed against removal.  If removability is not apparent from the initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  "If a notice of removal is filed

after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

## II.    Analysis

Plaintiffs first argue remand is appropriate because Defendant failed to remove the action timely. Mot. at 9–13. Plaintiffs served the Complaint on August 7, 2025. Dkts. 1-1, 16-1 ¶ 5. The deadline by which Defendant was required to remove the action under Section 1446's thirty-day window was September 8, 2025, which is the date Defendant filed its NOR.[2] Dkts. 1 at 2, 1-2. Accordingly, Defendant removed the action timely, and the Motion will not be granted on this basis.

/ / /

/ / /

/ / /

---

[2] Thirty days from August 7, 2025, is Saturday, September 6, 2025. Because the thirtieth day fell on a Saturday, the deadline is extended by operation of law to the next court business day, *i.e.*, September 8, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C) (When a motion deadline "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Plaintiffs next argue Defendant fails to demonstrate the $75,000[3] amount in controversy requirement is met. Mot. at 13–15. The court disagrees. Plaintiffs purchased the Vehicle for $91,554.00 with 18 miles on the odometer. Opp'n at 19; Dkt. 17-2 at 2. Plaintiffs presented the Vehicle to one of Defendant's dealerships for repair of the alleged defect with 1,172 miles on the odometer on June 8, 2023. Opp'n at 19; Dkt. 17-3 at 2. After a mileage offset, a $500 rebate, and a deduction of $18,233.33 in estimated unpaid financing, Defendant asserts Plaintiffs' actual damages are at least $72,072.83. Opp'n at 20. Plaintiffs contend "Defendant has provided no evidence" to support the $72,072.83 figure. Reply at 9. Defendant provides the sales contract for the vehicle, as well as the repair history, showing the odometer reading at the time of the first requested repair for the defect. Dkt. 17-2 at 2; Dkt. 17-3 at 2. Plaintiffs do not further refute the calculation.[4] *See generally*, Mot., Reply.

Defendant next argues Plaintiffs' attorney's fees will easily bring the amount in controversy over the $75,000 threshold. Opp'n at 21. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, must "prove that the amount in controversy (including attorney's fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence."

---

[3] Plaintiffs claim Defendant fails to establish the amount in controversy exceeds $50,000, as required by the Magnusson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(3)(B). Mot. at 13. Plaintiffs, however, do not bring a claim under the MMWA. *See* Dkt. 1-1. Accordingly, their argument is without merit. The parties are reminded that papers presented to the court asserting legal or factual contentions must be based on existing law and have evidentiary support, and that sanctions may be imposed for failure to do so. *See* Fed. R. Civ. P. 11(b), (c).

[4] Plaintiffs incorrectly assert Defendant does not address the mileage offset. Reply at 10–11; *see* Opp'n at 19–20; Fed. R. Civ. P. 11(b), (c).

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  To do so, a defendant may "meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases," but "those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021).

Defendant adequately demonstrates Plaintiffs' attorney's fees and costs make up the remaining difference of $2,927.17 to satisfy the $75,000 threshold, pointing to Plaintiffs' counsel's $450 hourly billing rate in practically identical cases before this court.  Opp'n at 21; *see, e.g.*, *Hernandez Rojas v. General Motors LLC*, 2:25-cv-06844-FLA (JCx); *Reed v. General Motors LLC*, 2:25-cv-06995-FLA (SSCx); *Lopez v. General Motors LLC*, 2:25-cv-07150-FLA (AGRx); *Ibarra v. General Motors LLC*, 2:25-cv-07009-FLA (AJRx).  Accordingly, the court finds Defendant has established the amount in controversy in this action exceeds $75,000, and DENIES the Motion.[5]

### CONCLUSION

For the aforementioned reasons, the court DENIES Plaintiffs' Motion.

IT IS SO ORDERED.

Dated: February 12, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[5] The court declines to address the potential for civil penalties as unnecessary to its ruling.